| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA § §
*versus* § CASE NO. 1:22-CR-76
§
DEREK WAYNE WINSTEAD § §

## MEMORANDUM AND ORDER

Pending before the court is the Government's First Motion in Limine (#41). Defendant Derek Wayne Winstead ("Winstead") filed a response (#43) indicating that he does not object to any of the Government's requests. Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.   Background

On September 7, 2022, a grand jury in the Eastern District of Texas returned a one-count Indictment against Winstead, charging him in Count One with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). This case is set for jury selection and trial on Monday, September 11, 2023.

II.   Analysis

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Akins v. Riddell, Inc.*, No. 5:19-cv-121-RWS-CMS, 2022 WL 3337742, at *7 (E.D. Tex. May 10, 2022); *Thompson v. Hamp*, No. 3:14-CV-00274-NBB-RP, 2017 WL 1393589, at *1 (N.D. Miss. Apr. 18, 2017); *EVM Sys., LLC v. REX Med., L.P.*, No. 6:13-CV-184, 2015 WL 11112539, at *1 n.1 (E.D. Tex. Aug. 17, 2015); *Pact XPP Tech., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *accord Ogden v. Cozumel, Inc.*, No. A-18-CV-

00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (stating that "[a]ll rulings on motions in limine are preliminary evidentiary rulings [and are] not final" (citing *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016))). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Cormier v. Ace Am. Ins. Co.*, No. 6:18-CV-01104, 2020 WL 5806528, at *1 n.1 (W.D. La. Sept. 28, 2020); *Pact XPP Tech.*, *AG*, 2012 WL 2774971, at *1; *see Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983). The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 189; *Credeur Tr. v. Liberty Mut. Ins. Co.*, 598 F. Supp. 3d 474, 476 (W.D. La. 2022); *Cormier*, 2020 WL 5806528, at *1; *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2019 WL 1296256, at *5 (N.D. Ala. Mar. 21, 2019). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir.), *cert. denied sub nom. Horse v. United States*, 140 S. Ct. 196 (2019); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner); *United States v. Thornhill*, 940

F.3d 1114, 1121 (9th Cir. 2019); *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 418 (5th Cir. 2020).

The Government's Motion in Limine contains seven requests. Winstead does not object to any of the Government's requests. Accordingly, the Government's requests are granted as unopposed. Winstead is prohibited from discussing, arguing, or offering any evidence about the matters set forth below without being granted leave of court outside the jury's presence:

1. Any reference to punishment or sentencing exposure for Winstead.

2. Any reference to plea negotiations between the parties.

3. Any reference to demonstrative evidence or charts that have not been admitted into evidence.

4. Any reference or indication that the Government has filed its First Motion in Limine in this case.

5. Evidence or argument regarding Winstead's character for truthfulness and veracity.

6. Evidence or argument about specific instances of Winstead's lawfulness or good conduct.

7. Evidence of Winstead's "self-serving" hearsay statements, including the exculpatory statements he made to law enforcement or other participants, even if the Government introduces inculpatory statements made by Winstead.

III. Conclusion

Consistent with the foregoing analysis, the Government's First Motion in Limine (#41) is GRANTED.

SIGNED at Beaumont, Texas, this 7th day of September, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE